Filed 1/21/16  P. v. Santiago CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JUAN SANTIAGO,<br><br>    Defendant and Appellant. | H042067<br>(Santa Clara County<br>Super. Ct. No. C1369154) |

Defendant Juan Santiago pleaded no contest to infliction of corporal injury on a former cohabitant (Pen. Code, § 273.5, subd. (a))[1] and attempted dissuading of a victim from reporting a crime by force or threat of force or violence (§ 136.1, subd. (c)(1)).  The court sentenced defendant to two years in prison, deemed the prison sentence satisfied, and imposed various fines and fees on defendant.

Defendant's counsel filed an opening brief in which no issues are raised and asked this court for an independent review of the record as required by *People v. Wende* (1979) 25 Cal.3d 436.  We notified defendant of his right to submit a written argument on his own behalf, but he has not done so.

After independent review of the record, we requested supplemental briefing by both parties regarding the $259.50 criminal justice administration fee imposed by the trial court.  We conclude that fee cannot be upheld because there is no evidence that the fee assessed represented no more than the actual administrative costs of booking and

---

[1] Unspecified statutory references are to the Penal Code.

otherwise processing an arrestee.  Accordingly, we will order the booking fee stricken and affirm the judgment as modified.

## I.    FACTUAL AND PROCEDURAL BACKGROUND[2]

The victim began dating defendant in May 2013 and they moved in together shortly thereafter.  At the preliminary hearing, the victim testified that defendant was physically abusive towards her and forced her to have sex with him on two occasions.

On October 31, 2013, while the two were living in San Jose, defendant got angry because he mistakenly believed the victim was having a sexual relationship with their landlord.  He grabbed the victim by the hair and hit her in the face with a closed fist.  She tried to call 9-1-1 on a cell phone, but he took the phone out of her hand and broke it.

The victim told defendant she wanted to go back to Santa Ana, where she lived before meeting him.  They went to the bus station and learned that the next bus to Santa Ana left the following day.  Because she had nowhere else to stay, the victim went home with defendant.  They began fighting again and he hit her in the face.  Later that night, defendant forcibly had sex with the victim against her will.  It was the second time he had done so during their relationship.  The victim moved out the next day.  She reported the abuse to the Santa Clara County (the County) Sheriff's Office on November 4, 2013.

A felony complaint was filed against defendant on November 7, 2013.  The County District Attorney filed a first amended information on March 24, 2014, charging defendant with two counts of rape (§ 261, subd. (a)(2), counts 1 & 2), one count of inflicting corporal injury on a former cohabitant (§ 273.5, subd. (a), count 3); and one count of attempting to dissuade a victim from reporting a crime (§ 136.1, subd. (b)(1), count 4).  Count 4 was later amended to attempting to dissuade a victim from reporting a crime by force or threat of force or violence (§ 136.1, subd. (c)(1)).

---

[2] The factual background is taken from the probation officer's report and the testimony presented at the preliminary hearing.

2

Defendant entered a no contest plea to counts 3 and 4 on November 25, 2014. On his written plea form, defendant acknowledged that, "[d]epending upon my ability to pay, I may . . . be required to pay [various fines and fees including] . . . a criminal justice administration fee of up to $259.50 . . . and I do not contest my ability to pay these fines and fees." The court informed defendant that count 4 qualified as a strike offense. Also on November 25, 2014, counts 1 and 2 were dismissed for lack of evidence at the prosecutor's request.

The court sentenced defendant to two years in state prison on January 9, 2015. The sentence consisted of the low term of two years on count 3 and the low term of two years on count 4, to run concurrently. Based on defendant's credits of 387 actual days and 386 days pursuant to section 4019, the court deemed the sentence satisfied. The court advised defendant that he was subject to a three-year period of parole supervision and entered an order precluding defendant from having contact with the victim for five years.

Finally, the court imposed a number of fines and fees. Specifically, it imposed a $280 restitution fine under section 1202.4, subdivision (b)(2); a $40 court security fee under section 1465.8 (for count 3 only, waived as to count 4); a $30 criminal conviction assessment under Government Code section 70373 (for count 3 only, waived as to count 4); and a $259.50 criminal justice administration fee ("booking fee") payable to the County under Government Code sections 29550, 29550.1, and 29550.2. The court also imposed and suspended a $280 parole revocation fee under section 1202.45.

Defense counsel objected to the booking fee, arguing the People had failed to prove the fee did not exceed the actual administrative cost or that defendant had the ability to pay the fee. When asked by the court why the fee was justified, the prosecutor responded that he had no "legal basis to challenge [defense counsel's] claim." He went on to argue that the Sheriff's Office "ha[s] costs involved in investigating and arresting

3

an individual just as any other agency" such that it "would be just as entitled to the fees for their booking as any other agency would be."

The court overruled the objection, reasoning that the County was entitled to the booking fee for the work its Sheriff's Office had done investigating the case and arresting defendant. The court further stated: "the Court, not this particular judicial officer, but the Court has had a full hearing on the issue of whether or not the sheriff's department is entitled to that fee, has determined that they are not only entitled to that fee but that particular fee completely under rates, under estimates the amount of money that is a cost to the sheriff's department on the average case."

Defendant timely filed a notice of appeal.

## II. DISCUSSION

After reviewing the entire record for any possible arguable issues on appeal that could benefit defendant, we requested supplemental briefing. We asked the parties to address whether the trial court erred by imposing a $259.50 booking fee without determining (1) defendant's ability to pay the fee and (2) whether that amount exceeded the actual administrative costs incurred in booking or otherwise processing defendant. We further asked the parties to address the trial court's reference to "a full hearing" held by another judicial officer regarding the County's actual administrative costs of booking an arrestee.

Government Code sections 29550, 29550.1, and 29550.2 authorize the imposition of a criminal justice administration fee on an arrestee who is ultimately convicted in order to cover the expenses involved in booking or otherwise processing the arrestee in a county jail. In determining which statute applies and whether to order the fee payment, a trial court must consider which governmental entity arrested the defendant. (*People v. McCullough* (2013) 56 Cal.4th 589, 592.)

Here, the trial court cited all three provisions in imposing a $259.50 booking fee. The record indicates that defendant was arrested by the County Sheriff's Department and

4

the fee was ordered to be paid to the County. Arrests made by a county agent or officer are governed by Government Code section 29550.

Government Code section 29550 provides that when the court has been notified that a booking fee is due to an agency, "(1) A judgment of conviction may impose an order for payment of the amount of the criminal justice administration fee by the convicted person, and execution may be issued on the order in the same manner as a judgment in a civil action, but shall not be enforceable by contempt. [¶] (2) The court shall, as a condition of probation, order the convicted person, based on his or her ability to pay, to reimburse the county for the criminal justice administration fee, including applicable overhead costs." (Gov. Code, § 29550, subd. (d).) Because defendant stated, as part of his plea agreement, that he did not contest his ability to pay a booking fee of up to $259.50, we conclude the trial court did not err by failing to determine defendant's ability to pay.

Government Code section 29550 also provides that "[t]he fee which the county is entitled to recover pursuant to this subdivision shall not exceed the actual administrative costs, including applicable overhead costs incurred in booking or otherwise processing arrested persons." (Gov. Code, § 29550, subd. (c).) The term, " 'actual administrative costs' " is further defined to "include only those costs for functions that are performed in order to receive an arrestee into a county detention facility" and operating expenses for running the jail are expressly excluded from the definition. (*Id*., subd. (e).)

Defendant contends there is no evidence in the record that the booking fee reflected an amount that did "not exceed the actual administrative costs" of booking or otherwise processing an arrestee as mandated by Government Code section 29550, subdivision (c). He further contends that the trial court's apparent reliance on an unspecified hearing in another matter was improper.

The People note that section A14-56, subdivision (a) of the County's Municipal Code authorizes the Board of Supervisors to impose a fee, pursuant to Government Code

5

section 29550, on "a city, special district, school district, community college district, college or university for reimbursement of County expenses incurred with respect to the booking or other processing of persons arrested by an employee of that city, special district, school district, community college district, college, or university, where the arrested persons are brought to the County jail for booking or detention." County Municipal Code section A14-56, subdivision (a), further provides that such a "fee shall not exceed the actual administrative costs, including applicable overhead costs, incurred in booking or otherwise processing arrested persons." Section A14-56, subdivision (b) of the County Municipal Code provides: "The amount of the fee shall be determined from time to time by the Board of Supervisors by resolution which shall establish a fee schedule. . . ."

In view of the foregoing, the People construe the record as "*suggest*[*ing*] that the Santa Clara County Board of Supervisors passed an earlier resolution imposing" a $259.50 booking fee. (Italics added.) The People speculate that "the presiding judge . . . adopted [the Board of Supervisor's] proposed fee schedule" and that the trial court, in referring to "a full hearing" held by another judicial officer, "took judicial notice of the Santa Clara County Municipal Code, the Santa Clara County Board of Supervisors resolution setting the fee schedule, and the presiding judge's order adopting that fee schedule."

The People point to no mention in the record of judicial notice, the Municipal Code, the Board of Supervisors, or the presiding judge, nor have we found any. Accordingly, we are unpersuaded by the People's position, which is founded on conjecture rather than record evidence. Because there is no evidence establishing the booking fee reflected an amount that did "not exceed the actual administrative costs" of booking or otherwise processing an arrestee as required by Government Code section 29550, subdivision (c), it cannot be upheld. In the interests of judicial economy, we elect to strike the fee.

6

**III.    DISPOSITION**

The judgment is modified to strike the imposition of a criminal justice administration (booking) fee of $259.50.  The superior court clerk is directed to amend the abstract of judgment to reflect that this fee is stricken.  As so modified, the judgment is affirmed.

_____
                  Premo, J.

WE CONCUR:

_____
          Rushing, P.J.

_____
          Márquez, J.

People v. Santiago
H042067